IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| Kyle Gresco, <br> 7565 Murray Avenue <br> Mentor, Ohio 44060 | : <br> : <br> : | CASE NO.: |
| Plaintiff, <br> v. | : <br> : <br> : | JUDGE: |
| City of Mentor <br> c/o Law Director <br> Richard A. Hennig, Esq. <br> 8500 Civic Center Boulevard <br> Mentor, OH 44060 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| Officer Erik Kupchik <br> Individually and as Police Officer of the <br> City of Mentor Police Department <br> 8500 Civic Center Boulevard <br> Mentor, OH 44060 | : <br> : <br> : <br> : <br> : | **COMPLAINT** |
| and | : | (Jury Demand Endorsed Hereon) |
| Officer Ric Smith <br> Individually and as Police Officer of the <br> City of Mentor Police Department <br> 8500 Civic Center Boulevard <br> Mentor, OH 44060 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| Officer Michael Danzey <br> Individually and as Police Officer of the <br> City of Mentor Police Department <br> 8500 Civic Center Boulevard <br> Mentor, OH 44060 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| Chief Kevin Knight | : | |

Individually and as Police Officer of the :
City of Mentor Police Department :
8500 Civic Center Boulevard :
Mentor, Ohio 44060 :
              Defendants. :

Now comes Plaintiff, Kyle Gresco, by and through undersigned counsel, and for his Complaint against Defendants states as follows:

1. This is a civil rights action stemming from an incident that occurred in Mentor, Ohio on September 6, 2016, during which Plaintiff was unlawfully detained and arrested by Mentor Police Officers. As a direct and proximate result of the actions and inactions of Defendants, Plaintiff suffered severe mental anguish and emotional pain and suffering. Plaintiff seeks compensatory damages, punitive damages, reasonable attorneys' fees and costs incurred in this action.

2. Plaintiff asserts claims under Title 42 § 1983 of the United States Code ("U.S.C.") for violation of his right to be free from unreasonable warrantless entries, searches, seizures, unlawful and/or false arrest and malicious prosecution under the protections of the Fourth and Fourteenth Amendments to the United States Constitution.

3. Plaintiff asserts a § 1983 claim against Defendant City of Mentor for failure to properly train and/or supervise its police officers, and for promulgating customs, policies and/or procedures which proximately caused the violation of Plaintiff's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

4. Plaintiff asserts pendant state common law claims for false arrest/imprisonment and malicious criminal prosecution, gross neglect, negligent hiring and retention and

THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

2

infliction of emotional distress.

## JURISDICTION AND VENUE

5. Plaintiff brings this action to redress violations by Defendants of Plaintiff's rights under the Constitution and laws of the United States and State of Ohio.

6. This is an action pursuant to 42 U.S.C. § 1983 and 1985 to redress the deprivation under color of statute, ordinance, regulations, custom or usage of rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, namely, the rights under the Fourth and Fifth Amendments.

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343(3), which confer original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities.

8. Jurisdiction over state law claims arises under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

9. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is placed in the Eastern Division, Cleveland Divisional Office of the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) and Local Rules of United States District Court for the Northern District of Ohio, Eastern Division.

11. At all times relevant to this amended complaint, Defendants acted under color and pretense of law, to with: under color of the statutes, ordinances, regulations, customs and usages of the State of Ohio and City of Mentor.

12. At all times relevant to this complaint, Defendants engaged in the illegal conduct herein mentioned to the injury of Plaintiff and deprived him of his rights, privileges



THE MARTINEZ FIRM
4230 SR 306, Suite 240
Willoughby, OH 44094
Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

3

and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and the State of Ohio.

13. All Defendants are "persons" for purposes of 42 U.S.C. § 1983.

## PARTIES

14. At all times relevant, Plaintiff Kyle Gresco was and is a citizen of the United States of America residing in Mentor, Ohio within the Northern District of Ohio.

15. At all times relevant, Defendant Officer Erik Kupchik ("Defendant Kupchik") was and is a police officer employed by the City of Mentor, Ohio, acting under the color of state law within the course and scope of his employment. Defendant Kupchik is a "person" under 42 U.S.C. § 1983. Defendant Kupchik is sued herein in his individual and official capacities.

16. At all times relevant, Defendant Officer Ric Smith ("Defendant Smith") was and is a police officer employed by the City of Mentor, Ohio, acting under the color of state law within the course and scope of his employment. Defendant Smith is a "person" under 42 U.S.C. § 1983. Defendant Smith is sued herein in his individual and official capacities.

17. At all times relevant, Defendant Officer Michael Danzey ("Defendant Danzey") was and is a police officer employed by the City of Mentor, Ohio, acting under the color of state law within the course and scope of his employment. Defendant Danzey is a "person" under 42 U.S.C. § 1983. Defendant Danzey is sued herein in his individual and official capacities.

18. At all times relevant, Defendant Chief Kevin Knight ("Defendant Knight") was



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

4

and is a police officer employed by the City of Mentor, Ohio, acting under the color of state law within the course and scope of his employment. Defendant Knight is a "person" under 42 U.S.C. § 1983. Defendant Smith is sued herein in his individual and official capacities.

19. Defendant City of Mentor is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the state of Ohio in the Northern District of Ohio and acting under the color of law. Defendant Mentor is a "person" under 42 U.S.C. § 1983.

## STATEMENT OF FACTS

20. On September 6, 2016, Plaintiff was lawfully operating his vehicle on Mentor Avenue in Mentor, Ohio.

21. At or approximately 7:35 p.m., Officers Kupchik, Officer Smith, and Officer Danzey responded to an alleged report of a motor vehicle accident and hit skip in the area of Mentor Avenue and Heisley Road.

22. Upon arrival to the area, Officer Smith approached Plaintiff's vehicle and questioned him about the alleged accident. Plaintiff explained to the responding officers that he had multiple medical diagnoses and was attempting to contact his mother about the accident.

23. Thereafter, Plaintiff was ordered out of his vehicle and detained by the officers. Without any indication that Plaintiff was under the influence of alcohol or drugs, officer ordered that Plaintiff perform field sobriety tests.

24. Unfoundedly, the arresting officers alleged that Plaintiff's performance on the field sobriety tests indicated that Plaintiff was impaired.



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

5

25. Plaintiff was unlawfully placed under arrest for Operating a Vehicle Under the Influence of Alcohol and/or Drugs ("OVI") in violation of City of Mentor Codified Ordinance Section 333.01(A)(1)(a), Hit Skip in violation of City of Mentor Codified Ordinance Section 335.12, and Accident in violation of City of Mentor Codified Ordinance Section 333.03.

26. After Plaintiff's arrest, Officer Kupchik requested that Plaintiff submit to a blood and urine test. Plaintiff was transported to Lake West Emergency Room where he provided samples of his blood and urine. Thereafter, Plaintiff was transported to the City of Mentor Jail where he was further detained for booking and processing.

27. Plaintiff posted a bond in the amount of $5,500.00 to be released from Mentor Police custody.

28. On September 8, 2016, Plaintiff appeared before the Mentor Municipal Court for purposes of an Arraignment hearing. Plaintiff entered a plea of "Not Guilty" to the charges. At that time, Judge John Trebets of the Mentor Municipal Court suspended Plaintiff's Ohio driver's license during the pendency of the case due to the nature of the charges.

29. On March 20, 2017, over six (6) months after Plaintiff's unlawful arrest, the City of Mentor Prosecutor's Office received results of Plaintiff's urine and blood analysis. The Lake County Crime Laboratory confirmed that Plaintiff tested negative for alcohol and all drugs of abuse.

30. On May 12, 2017, the City of Mentor Prosecutor's Office received results of confirmatory testing of Plaintiff's blood and urine samples. The results of the confirmatory testing were negative for alcohol and drugs of abuse.



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

6

31. On May 15, 2017, Plaintiff appeared in the Mentor Municipal Court for the purposes of a pre-trial hearing. At that time, the City of Mentor Prosecutor's Office requested that the court dismiss the OVI and Hit Skip charges against Plaintiff.

32. Due to Plaintiff's unlawful arrest for OVI Plaintiff's driving privileges were revoked for eight (8) months. Further, Plaintiff was required to attend six (6) hearings in the Mentor Municipal Court before his case could be resolved.

33. As a result of the acts of Officer Kupchik, Officer Smith, and Officer Danzey, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness and anxiety and Plaintiff continues to suffer mentally and emotionally and will do so into the future.

34. Plaintiff was detained in jail and at the hospital.

35. Plaintiff was forced to retain and pay for services of a criminal defense attorney to defend himself against the charges levied and/or criminal proceedings instigated by Officer Kupchik, Officer Smith, and Officer Danzey.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 Against Kupchik, Smith, Danzey for False/Wrongful Arrest/Imprisonment in Violation of the Fourth and Fourteenth Amendments)

36. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

37. Kupchik, Smith, and Danzey lacked probable cause for their warrantless arrest of Plaintiff on September 6, 2016.

38. Plaintiff was detained and held by Kupchik, Smith, and Danzey, against his will and without lawful justification on September 6, 2016, through the time he was released after his arrest.

39. Kupchik, Smith, and Danzey, acting under color of state law, and within the



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

course and scope of their employment as police officers with Defendant City of Mentor, detained, arrested and held Plaintiff against his will without probable cause or lawful justification in violation of Plaintiff's clearly established rights guaranteed under the Fourth Amendment.

40. In arresting, detaining or otherwise holding Plaintiff against his will under the circumstances at issue, Kupchik, Smith, and Danzey acted wantonly, willfully, recklessly, without justification and maliciously, warranting the imposition of exemplary punitive damages.

41. Faced with the circumstances present on September 6, 2016, reasonably prudent law enforcement officer/personnel such as Kupchik, Smith, and Danzey would or should have known that arresting, detaining and/or holding Plaintiff against his will violated his clearly established Fourth and Fourteenth Amendment rights.

42. As a direct and proximate result of his unlawful/wrongful/false arrest, Plaintiff sustained economic and non-economic damages, including, but not limited to, mental anguish, emotional pain and suffering, which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Kupchik, Smith, and Danzey jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**

THE MARTINEZ FIRM
4230 SR 306, Suite 240
Willoughby, OH 44094
Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

(42 U.S.C. § 1983 Against Kupchik, Smith, and Danzey for Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments)

43. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

44. Acting under color of law and within the course and scope of their employment as police officers with Defendant City of Mentor, Kupchik, Smith, and Danzey instituted criminal prosecution, charges and/or proceedings against Plaintiff, maliciously in violation of his rights guaranteed under the Fourth and Fourteenth Amendments.

45. Acting under color of law and in his capacity as the Chief of Police of the City of Mentor, Defendant Knight instituted and/or authorized and/or approved of and/or supervised the criminal prosecution, charges and/or proceedings against Plaintiff, the OVI and Hit Skip charges, maliciously in violation of his rights guaranteed under the Fourth and Fourteenth Amendments.

46. Defendants Kupchik, Smith, Danzey, and Knight, had no probable cause for instituting the criminal prosecution, charges and/or proceedings against Plaintiff, or for otherwise charging him with the offenses described in paragraph 25.

47. The criminal prosecution and/or criminal proceedings against Plaintiff terminated in his favor on the OVI and Hit Skip charges.

48. In instituting criminal prosecution, charges and/or proceedings against Plaintiff, Defendants Kupchik, Smith, Danzey, and Knight, acted willfully, wantonly, recklessly, without justification and maliciously warranting the imposition of exemplary punitive damages.

49. Faced with the circumstances present on September 6, 2016, reasonably prudent law enforcement officer/personnel such as Kupchik, Smith, Danzey, and

THE MARTINEZ FIRM
4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

Knight, would or should have known that instituting the criminal prosecution, charges and/or proceedings against Plaintiff violated his clearly established Fourth and Fourteenth Amendment rights.

50. As a direct and proximate result of the malicious prosecution by Defendants Kupchik, Smith, Danzey, and Knight, Plaintiff incurred attorneys' fees and other economic and noneconomic damages, including but not limited to, mental anguish and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Kupchik, Smith, Danzey, and Knight jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 Against Defendants City of Mentor and Knight
for Customs and Policies Causing Constitutional Violations)

51. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

52. On information and belief, Defendant Officers, and several other Mentor police officers, have a history of violating citizens' constitutional rights, making warrantless searches, and arrests without probable cause, and arresting and charging citizens with criminal offenses that are not supported by probable cause, about which Defendants Knight and City of Mentor are and were at all times



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

10

relevant, herein.

53. On information and belief, Defendants Knight and City of Mentor failed to adequately and properly supervise Defendant Officers.

54. Defendants Knight and City of Mentor ratified Defendant Officers' conduct described herein.

55. On information and belief, Defendants Knight and City of Mentor implemented customs and policies for training and supervision of Mentor police officers on warrantless, entries, searches, seizures, arrests and criminal prosecution/pursuing criminal charges supported by probable cause that, on their face, violate the Fourth and Fourteenth Amendment. Alternatively, on information and belief, Defendants Knight and City of Mentor implemented otherwise facially valid customs and policies in such a manner that constitutional violations were likely to be and were occurring upon those inhabiting or visiting Mentor, Ohio, including Plaintiff.

56. As a direct and proximate result of Defendants Knight and City of Mentor's customs and policies described herein, which violate the Fourth and Fourteenth Amendments on their face, or otherwise are applied in such a manner such that Fourth and Fourteenth Amendment violations are likely to and do occur, Plaintiff sustained economic and non-economic damages, including, but not limited to, mental anguish and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendants Knight and City of Mentor, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

11

compensate him for his injury, damage and loss;

b. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

c. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein as to Knight; and

d. All such other relief which the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF.
(Common Law False Arrest/Imprisonment Against Kupchik, Smith, Danzey, Knight, and City of Mentor)

57. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

58. Kupchik, Smith, Danzey, acting within the course and scope of their employment with Defendant City of Mentor, intentionally confined and detained Plaintiff within a limited area on September 6, 2016, and caused him to be confined for several hours, against his will and without probable cause and/or lawful justification.

59. Kupchik, Smith, Danzey, acted with malicious purpose, in bad faith, or in a reckless or wanton manner.

60. At all times relevant, Kupchik, Smith, Danzey, were acting within the course and scope of their employment with Defendant City of Mentor, rendering Defendant City of Mentor vicariously liable for their conduct.

61. As a direct and proximate result of his false arrest/imprisonment, Plaintiff sustained economic and non-economic damages, including, but not limited to, mental anguish and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendants City of Mentor



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

12

and Kupchik, Smith, Danzey, jointly and severally, for:

    a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

    b. Punitive damages against Kupchik, Smith, Danzey, in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    d. All such other relief which the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
(Common Law Malicious Prosecution Against Kupchik, Smith, Danzey, Knight and City of Mentor)

62. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

63. Acting within the course and scope of their employment as police officer and police chief with Defendant City of Mentor, respectively, Kupchik, Smith, Danzey, and Knight instituted criminal prosecution, charges and/or proceedings against Plaintiff.

64. Kupchik, Smith, Danzey, and Knight had no probable cause for instituting the criminal prosecution, charges and/or proceedings against Plaintiff or for otherwise charging him with the offenses described in paragraph 25.

65. The prosecution and/or criminal proceedings against Plaintiff terminated in his favor.

66. Kupchik, Smith, Danzey, and Knight acted with malicious purpose, in bad faith or in a reckless or wanton manner.

67. At all times relevant, Kupchik, Smith, Danzey, and Knight were acting within the course and scope of their employment with Defendant City of Mentor, rendering



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

Defendant City of Mentor vicariously liable for their conduct.

68. As a direct and proximate result of Kupchik, Smith, Danzey, Knight and Knight's malicious prosecution, Plaintiff incurred attorneys' fees and other economic and noneconomic damages, including but not limited to, physical injury and physical and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff prays for judgment Kupchik, Smith, Danzey, Knight and City of Mentor, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b. Punitive damages against Kupchik, Smith, Danzey, and Knight in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF

(Negligent Hiring and Retention by Defendant City of Mentor)

69. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

70. Defendant Officers, at all times relevant herein, were employed by Defendant City of Mentor.

71. Defendant City of Mentor's Defendant Officers, were incompetent in their duties as its employees.

72. Defendant City of Mentor had actual or constructive knowledge of its employees, Defendant Officers, herein.



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

73. Defendant City of Mentor owed a duty to protect the safety of Plaintiff.

74. Defendant City of Mentor's acts or omission to act caused Plaintiff's injuries.

75. Defendant City of Mentor negligence in hiring or retaining its employees, including its police officers, including, but not limited to, Defendant Officers, was the proximate cause of Plaintiff's injuries as more specifically set forth above.

76. Defendant Officers acted with reckless disregard of federal and state laws.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Mentor for:

   a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

   b. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   d. All such other relief which the Court deems appropriate.

### SEVENTH CLAIM FOR RELIEF
(Infliction of Emotional Distress Against Kupchik, Smith, and Danzey)

77. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

78. All or part of the acts of Kupchik, Smith, and Danzey were done willfully, maliciously, outrageously, deliberately and with the purpose to inflict emotional distress upon Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

79. As a direct and proximate result of Kupchik, Smith, and Danzey's acts, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness and anxiety and Plaintiff continues to suffer mental and



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

15

emotional suffering and will do so into the future.

80. As a direct and proximate result of the acts of Kupchik, Smith, and Danzey, Plaintiff was caused to obtain psychiatric treatment.

81. Plaintiff should be granted punitive damages because Kupchik, Smith, and Danzey acted with reckless disregard of federal and state laws.

WHEREFORE, Plaintiff prays for judgment against Kupchik, Smith, and Danzey, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief which the Court deems appropriate.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully Submitted,

/s/ Leslie S. Johns

HECTOR G. MARTINEZ, JR., Esq.
Sup. Ct. Reg. #0068832
LESLIE S. JOHNS, Esq.
Sup. Ct. Reg. #0092099
THE MARTINEZ FIRM
4230 State Route 306
Suite 240
Willoughby, Ohio 44094
Tel: (216) 875-5555
Facsimile: (216) 875-5566



THE MARTINEZ FIRM
4230 SR 306, Suite 240
Willoughby, OH 44094
Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

16

hector@martinezlawfirm.com
leslie@maritnezlawfirm.com
Counsel for Plaintiff


THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018 a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ Leslie S. Johns
HECTOR G. MARTINEZ, JR., Esq.
LESLIE S. JOHNS, Esq.
THE MARTINEZ FIRM
Counsel for Plaintiff



THE MARTINEZ FIRM

4230 SR 306, Suite 240
Willoughby, OH 44094

Telephone: 216.875.5555
Facsimile: 216.875.5566
www.martinezlawfirm.com

18